**Benjamin D. Knaupp**, OSB 973051
E-Mail: bknaupp@gmail.com
Garland Griffiths Knaupp, Attorneys
305 N First Ave.
Hillsboro, OR 97124
Tel. (503) 846-0707

**Attorney for Plaintiff**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| Honyue Technology Co. Limited<br><br>Plaintiff,<br><br>vs.<br><br>Anmani, Blue Wind, and Aiking Home Collection (pseudonym unknown entities or individuals)<br><br>Defendants. | **Case No. 3:17-CV-00315**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION**<br><br>**(Lanham Act 15 U.S.C. § 1114, et. seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Honyue Technology Co. Limited, a Hong Kong limited company brings this action against defendants doing business on Amazon.com under the aliases "Anmani", "Blue Wind" and "Aiking Home Collection" for trademark infringement of plaintiff's registered trademark Supernight® as more fully described below.

//

---

**COMPLAINT  - 1**
Garland Griffiths Knaupp, Attorneys
305 N. First Ave.
Hillsboro, OR 97124
Tel. (503) 846-0707; Fax (503) 419-4912

## PARTIES

1.

Plaintiff Honyue Technology Co. Limited, (hereinafter "Honyue") is a Hong Kong limited company, with a registered office located at RM 18B/ 27FL, Hoking Comm, CTR 2-16, Fayuen St., Mong Kok, KL in Hong Kong, China.

2.

On information and belief, Defendants "Anmani", "Blue Wind", and "Aiking Home Collection" (hereinafter "Defendants") are doing business via internet sales within this judicial district, and are subject to the jurisdiction of this Court. Defendants, either alone or through their agents, servants, or employees, are manufacturing, distributing, selling and/or offering for sale goods and merchandise which infringe upon the trademark of Plaintiff. The legal identities of the various Defendants are unknown to Plaintiff at this time, but the Defendants are expected to be seen engaged in their illegal activities on Amazon.com. This Complaint will be amended to include the legal names of the Defendants when they are identified.

## VENUE AND JURISDICTION

3.

This Court has jurisdiction over the parties and the claims. Plaintiff does business in Oregon through its duly licensed distributor, E-Best Trade, LLC, and Oregon limited liability company which handles plaintiff's distribution of Supernight products in Oregon and other states in the United States. This Court has original jurisdiction over Plaintiff's

**COMPLAINT  - 2**
Garland Griffiths Knaupp, Attorneys
305 N. First Ave.
Hillsboro, OR 97124
Tel. (503) 846-0707; Fax (503) 419-4912

federal claims for violations of the Lanham Act under 15 U.S.C. § 1121.

## STATEMENT OF FACTS

4.

Plaintiff is the owner of registered trademark SUPERNIGHT®, registration number #4,581,289, as a word mark for International Class 011.  The Supernight® mark is registered for use on goods including electric light bulbs; electric lighting fixtures; electric night lights; LED (light emitting diode) lighting fixtures, etc. for commercial, industrial, residential, and architectural accent lighting applications.  The Supernight® mark was registered August 5, 2014 on Principal Register.

5.

Plaintiff, through its licensed distributors, sells various specialized lighting products on Amazon.com and other websites world-wide.  At various times in the past 12 months, and at the time this lawsuit was filed, the Defendants were selling and offering for sale counterfeit goods bearing the Supernight® trademark on their packaging, and using the word "SUPERNIGHT" as part of the descriptive product listing on Amazon.com.  (Exhibit 1, Digital Images of Amazon listings)

6.

Plaintiff has widely distributed throughout the United States, including this District, authorized and licensed goods and merchandise bearing the Supernight trademark. There is a substantial public demand for such goods, and as a result of this public demand, genuine goods and merchandise bearing the Supernight trademark have

**COMPLAINT  - 3**
Garland Griffiths Knaupp, Attorneys
305 N. First Ave.
Hillsboro, OR 97124
Tel. (503) 846-0707; Fax (503) 419-4912

become valuable commercial properties.

7.

Genuine goods and merchandise bearing the Supernight trademark, by reason of their style, design, excellence and quality of workmanship, and by reason of their approval by Plaintiff, have come to be well and favorably known to the purchasing public throughout the United States, including this District, as representing goods and merchandise of the highest quality and utmost prestige. As a result, the Supernight trademark and the goodwill associated therewith are of inestimable value to Plaintiff.

8.

On information and belief, Defendants manufacture, sell, market or distribute Supernight labeled lighting products of the type shown on Exhibit 1 that are counterfeit products and therefore infringe on Plaintiff's Supernight trademark, and are thus indistinguishable from Plaintiff's products.

9.

Defendants are not licensed or authorized by Plaintiff or any authorized agent of Plaintiff to use, reproduce or otherwise make use of the Supernight marks in connection with the manufacture, distribution, advertisement, sale or offering for sale of any goods or merchandise.

10.

Defendants' actions are willful, and a knowing violation of law, and a blatant attempt to confuse and mislead the public as the source of the goods and merchandise

being offered.  Defendants have been unjustly enriched by their actions in appropriating unfairly the benefits of Plaintiff's Supernight trademark.

11.

Defendants' products are inferior quality to plaintiff's products, which creates actual confusion, deception and mistake as to the sources of Defendants' goods and merchandise and as such constitutes a false designation of the identity of the goods, which harms the quality of plaintiff's goods.

12.

Defendants' conduct has caused, and is currently causing Plaintiff to suffer irreparable injuries, including lost profits, injuries to its reputation and dilution of the distinctive quality of the goods which is sells.

FIRST CLAIM FOR RELIEF

TRADEMARK INFRINGEMENT

13.

Paragraphs 1-12 above are incorporated as if fully set out herein.

14.

Plaintiff is the sole owner of the Supernight trademark.  Defendants have infringed and will continue to infringe Plaintiff's trademarks by selling counterfeit products on Anazon and other online retail websites using a mark identical with plaintiff's mark in connection with the sale or offering for sa1e of lighting products.

**COMPLAINT  - 5**
Garland Griffiths Knaupp, Attorneys
305 N. First Ave.
Hillsboro, OR 97124
Tel. (503) 846-0707; Fax (503) 419-4912

15.

As a direct and proximate result of Defendants' conduct, Plaintiff has and will sustain a loss, and pursuant to 15 U.S.C. § 1114 (1), 15 U.S.C. § 1116, and 15 U.S.C. § 1117, hereby asserts a claim against Defendants for injunctive and monetary relief in an amount to be determined, but estimated at total gross sales through Amazon of up to $357,000 per month, resulting in lost profits of up to $1,000,000 over the past 12 months.

SECOND CLAIM FOR RELIEF

TRADEMARK DILUTION

16.

Paragraphs 1-15 above are incorporated as if fully set out herein.    Plaintiffs trademark is well-known and world-famous.  Defendants' goods and merchandise incorporate marks constituting unlicensed and unauthorized imitations of the Supernight distinctive trademark.  Defendants' actions are an attempt to encroach upon Plaintiff's business by the use of similar trademarks, names, or devices, with the intention of deceiving the public. As set forth herein, on information and belief, Defendants' actions are willful and intentional, and are likely to dilute Plaintiff's' trademarks and injure Plaintiff's business reputation.

17.

As a direct and proximate of Defendants' conduct, Plaintiff has and will sustain a loss, and hereby asserts a claim for injunctive and monetary relief, including actual and

punitive damages, in an amount to be determined.

18.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for:

(1)  An Order granting Plaintiff injunctive relief under 15 U.S. Code § 1116 for relief including:

    a)  An order directing third parties including Amazon to freeze the transfer, sale, or movement of all Superight counterfeit goods of Defendants located within the United States;

    b)  An order directing third parties to freeze the trade accounts of defendants which contain money from sales of counterfeit goods;

    c)  Using any trademark in connection with Defendants' goods that uses the Supernight word or confusingly similar mark.

    d)  using any trademark, logo, design, or source designation of any kind on or in connection with Defendants goods that dilutes or is likely to dilute the distinctiveness of Plaintiff's Supernight trademark.

(2)  Defendants be compelled to account to Plaintiff for any and all profits derived by Defendants from the sale or distribution of infringing products and services described in this Complaint and Plaintiff be awarded Defendants profits derived by reason of said acts;

**COMPLAINT  - 7**
Garland Griffiths Knaupp, Attorneys
305 N. First Ave.
Hillsboro, OR 97124
Tel. (503) 846-0707; Fax (503) 419-4912

(3)     Based on Defendants's knowing and intentional use of counterfeit or confusingly similar imitations of Supernight, the damages awarded be trebled and the award of Defendants's profits be enhanced as provided for by 15 U.S.C. § 1117(a) and (b);

(4)     Defendants be required to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 15 U.S.C. § 1117(a);

(5)     Demand for jury trial on all eligible claims.


Dated: February 24, 2017

s/ Benjamin D. Knaupp  
Benjamin D. Knaupp, OSB 973051  
Attorney for Plaintiff  
Garland Griffiths Knaupp, Attorneys  
305 N First Ave.  
Hillsboro, OR 97124  
Tel. (503) 846-0707  
Fax (503) 419-4912  
Email: bknaupp@gmail.com